# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Angie Dianne Petty, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:20-1224-RMG |
| vs. ) | |
| ) | |
| Kilolo Kijakazi, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff filed an initial brief, the Commissioner filed a response, and Plaintiff filed a reply. (Dkt. Nos. 15, 16, and 17).[1] As more fully set forth below, the decision of the Commissioner is reversed and remanded for further administrative processing to weigh and reconcile the new and material evidence offered to the Appeals Council by Plaintiff in accordance with *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011).

## Legal Standard

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. §405(g). "Substantial

---

[1] The Court elected to address this appeal directly without first receiving a Report and Recommendation from the Magistrate Judge.

evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. This includes the duty to "evaluate every medical opinion we receive." 20 C.F.R. § 404.1527(c). Special consideration is to be given to the opinions of treating physicians of the claimant, based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." § 1527(c)(2). Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad

range of factors, including the examining relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency and whether the treating physician was a specialist. § 1527(c)(1)-(5).[2] The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 1996 WL 374188, at *5 (July 2, 1996).

A claimant is permitted to offer relevant evidence to support his or her disability claim throughout the administrative process. Even after the Administrative Law Judge ("ALJ") renders a decision, a claimant who has sought review from the Appeals Council may submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. § 404.968, 404.970(b). The new evidence offered to the Appeals Council is then made part of the record. The Social Security Regulations do not require the Appeals Council to expressly weigh the newly produced evidence and reconcile it with previously produced conflicting evidence before the ALJ. Instead, the regulation requires only that the Appeals Council make a decision whether to review the case, and, if it chooses not to grant review, there is no express requirement that the Appeals Council weigh and reconcile the newly produced evidence. *Meyer*, at 705-706.

As the Fourth Circuit explained in *Meyer*, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record

---

[2] The Social Security Administration has adopted a new regulation relating to the evaluation of medical opinions for all claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Since Plaintiff's claim was filed before that date, the Court has utilized the regulation then in effect for the evaluation of medical opinions, 20 C.F.R. § 1527(c).

for purposes of substantial evidence review but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence.  *Meyer* held that as long as the newly presented evidence is uncontroverted in the record or all the evidence is "one-sided," a reviewing court has no difficulty determining whether there is substantial evidence to support the Commissioner's decision. *Id.* at 707.  However, where the "other record evidence credited by the ALJ conflicts with the new evidence," there is a need to remand the matter to the fact finder to "reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id.*  Remand is necessary because "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder." *Id.*

## Discussion

Plaintiff, who was born on May 7, 1971, has multiple severe mental and physical impairments: lumbar degenerative disc disease, left metatarsal arthritis post-surgery, Type II diabetes, obesity, migraine headaches, anxiety and depression. (Dkt. No. 13-2 at 22, 25).   The ALJ found that Plaintiff's Residual Functional Capacity ("RFC") was limited to less than the full scope of sedentary work, the lowest level of function a claimant may have and not be deemed disabled under the Social Security Act.  (*Id*. at 25-26).   The Commissioner has recognized that a RFC of less than the full range of sedentary work "reflects very serious limitations" and is "expected to be relatively rare."  SSR 96-9P, 1996 WL 374185 at *1 (July 2, 1996).  In such a case, it is possible that a single piece of additional evidence may tip the balance in a disability determination.

Plaintiff raises on appeal the failure of any fact finder to have weighed new and material evidence submitted by her treating physician, Dr. Jeff Clary, to the Appeals Council after the

issuance of the ALJ's decision. In her decision, the ALJ gave "some weight" to a one page mental health questionnaire submitted by Dr. Clary dated November 11, 2017. However, the ALJ gave "little weight" to a one paragraph letter dated October 1, 2018 that stated that Plaintiff had "multiple pain-inducing issues which have seriously hindered all efforts at work. Because of her medical problems, which appear to be debilitating and unimproved, I consider her fully disabled from work at this time." (Dkt. Nos. 13-2 at 30, 31; 13-7 at 126). The ALJ noted that an opinion regarding "the ultimate issue of disability is an issue reserved to the Commissioner." (Dkt. No. 13-2 at 31).

Plaintiff submitted to the Appeals Council a new document prepared by Dr. Clary, dated October 8, 2019, which addressed in far more detail his opinions regarding the physical impairments of Plaintiff. He opined that her physical limitations would render her "probably unable to tolerate even sedentary work" and would cause her "easily" to miss three days or more per month from work. Dr. Clary specifically identified Plaintiff's chronic back pain and right sided sciatica osteoarthritis among the conditions contributing to her physical impairments. (Dkt. No. 13-2 at 10). This new document filled some of the evidentiary gaps in the record regarding Dr. Clary's opinions.

Dr. Clary's October 8, 2019 submission to the Appeals Council conflicted with other opinion evidence provided by non-examining, non-treating physicians for which the ALJ gave "great weight." (*Id.* at 31). Additionally, Dr. Clary's opinion that Plaintiff's physical impairments would cause her to be absent from work for more than three days per month was highly relevant to the Vocational Expert's opinion that if Plaintiff was absent more than two days per month there would be no jobs in the competitive marketplace she could perform. (Dkt.

No. 13-2 at 59). Thus, if Dr. Clary's newly provided (and presently unweighed) opinion regarding likely absences was credited, Plaintiff would be effectively rendered disabled since the Commissioner carries the burden under Step Five of the Sequential Process to demonstrate that there exists jobs in significant numbers in the national economy that she could perform. 20 C.F.R. § 404.1520(a)(4))(v).

The Court finds Dr. Clary's October 8, 2019 submission to the Appeals Council constitutes "new and material" evidence that must be weighed and reconciled with other conflicting and supporting evidence in the record. Consequently, the Court finds it necessary to reverse the decision of the Commissioner and to remand the case to the Agency for further administrative processing consistent with this order.[3]

## Conclusion

Based upon the foregoing, the Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** the matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

---

[3] Plaintiff has also raised on appeal the ALJ's decision to accord "little weight" to the opinion of the consultive evaluator, Todd Morton, Ph.D, regarding his opinion that Plaintiff's mental health impairments would make it difficult for her to sustain "the pace of work most employers require." The ALJ characterizes the opinion as "vague." (Dkt. No. 13-2 at 31). Dr. Morton's consultive report bases the opinion on his finding that Plaintiff was suffering from "severe symptoms of depression and had very low energy." (Dkt. No. 13-7 at 104). On remand, the Commissioner should revisit this issue since Dr. Morton provided what appears to be more than a "vague" basis for his opinion on this issue. Moreover, the ALJ accorded "substantial weight" to all other opinions of Dr. Morton, raising a fair question of whether the ALJ was "cherry picking" the evidence which supported her conclusion.

[4] Since the Commissioner has already found Plaintiff is limited to sedentary work and is "an individual approaching advanced age" (age 50-54), it would appear likely that she would be deemed disabled as of her 50th birthday, May 7, 2021, regardless of the outcome of this claim. 20 C.F.R. Pt. 404, Subpt. P., App. 2 § 201.00(g).

**AND IT IS SO ORDERED.**[5]

<u>S/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

February 25, 2022
Charleston, South Carolina

---

[5] In light of the fact that Plaintiff's application for disability benefits, filed on November 2, 2016, has been pending for over 5 years, the Commissioner is directed to schedule another administrative hearing in this matter within 120 days and to issue a final agency decision within 180 days of this Order.

-7-